2014 UT App 140

**WEST VALLEY CITY, Plaintiff and Appellant,**

**v.**

**Benjamin PARKINSON, Defendant and Appellee.**

**No. 20111122–CA.**

Court of Appeals of Utah.

June 19, 2014.

ter at all (due to apathy)." *Gressman v. State,* 2013 UT 63, ¶¶ 69–70, 323 P.3d 998 (Lee, J., dissenting).

Ryan D. Robinson and Victoria K. McFarland, for Appellant.

L. Bruce Larsen, for Appellee.

Senior Judge PAMELA T. GREENWOOD authored this Memorandum Decision, in which Judges J. FREDERIC VOROS JR. and MICHELE M. CHRISTIANSEN concurred.[1]

Memorandum Decision

GREENWOOD, Senior Judge:

¶ 1 West Valley City (the City) appeals the district court's decision granting Defendant Benjamin Parkinson's motion to dismiss based on the single criminal episode statute (the Single Criminal Episode Statute or the Statute), Utah Code Ann. §§ 76–1–401 to –403 (LexisNexis 2012 & Supp.2013). We reverse and remand.

¶ 2 On September 19, 2010, officers responded to a call alleging domestic violence committed by Parkinson. When police arrived on the scene and began their investigation, Parkinson was no longer there. While an officer was interviewing the victim outside the home, Parkinson drove by. Someone identified Parkinson, and the officer tried to stop the vehicle with hand motions and shouting. Parkinson did not stop, so the

officer got into his vehicle and pursued Parkinson. After a short car chase, a foot chase, and a brief altercation, the officer ultimately apprehended and arrested Parkinson.[2] There was apparently a fear expressed that Parkinson had a child in the car with him as he was fleeing from the officer. That fear proved to be groundless.

¶ 3 On October 4, 2010, Parkinson was charged in the West Valley City Justice Court with four class B misdemeanors relating to the domestic violence. These included assault, unlawful detention, and two counts of commission of domestic violence in the presence of a child. On October 20, 2010, Parkinson pleaded guilty to the assault charge and the remaining charges were dismissed.

¶ 4 On October 26, 2010, the City filed an information in Third District Court charging Parkinson for actions stemming from the police chase. These charges included driving under the influence, failure to stop at the command of an officer, violation of requirements for alcohol restricted drivers, driving on a suspended or revoked license, and interference with an arresting officer. Parkinson filed a motion to dismiss based on his assertion that these new charges and the prior charges in the justice court were part of a single criminal episode and were required to have been tried together. After a hearing, the district court granted Parkinson's motion.

¶ 5 The City now appeals, arguing that the district court incorrectly interpreted and applied the Single Criminal Episode Statute. "The 'trial court's interpretation of a statute presents a question of law' and thus is reviewed for correctness and accorded no particular deference." *State v. Strader*, 902 P.2d 638, 640 (Utah Ct.App.1995) (quoting *Ward v. Richfield City*, 798 P.2d 757, 759 (Utah 1990)). Similarly, " '[a] trial court's decision to grant or deny a motion to dismiss presents a question of law, which we review for correctness.' " *State v. Selzer*, 2013 UT

---

1. The Honorable Pamela T. Greenwood, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

2. The facts described are derived from the hearing on Parkinson's motion to dismiss where counsel presented arguments, proffered facts, and read portions from the preliminary hearing testimony of the officer.

App 3, ¶ 14, 294 P.3d 617 (quoting *State v. Horrocks*, 2001 UT App 4, ¶ 10, 17 P.3d 1145).

¶ 6 The Statute generally requires that charges arising out of a single criminal episode be tried together. *See* Utah Code Ann. § 76-1-402(2) (LexisNexis 2012); *id.* § 76-1-403 (Supp.2013) ("If a defendant has been prosecuted for one or more offenses arising out of a single criminal episode, a subsequent prosecution for the same or a different offense arising out of the same criminal episode is barred...."). The Statute was enacted "(1) to protect a defendant from the governmental harassment of being subjected to successive trials for offenses stemming from the same criminal episode; and (2) to ensure finality without unduly burdening the judicial process by repetitious litigation." *Selzer*, 2013 UT App 3, ¶ 22, 294 P.3d 617 (citation and internal quotation marks omitted). A single criminal episode is defined as including "all conduct which is closely related in time and is incident to an attempt or an accomplishment of a single criminal objective." Utah Code Ann. § 76-1-401 (LexisNexis 2012). Although there could be an argument made as to whether the conduct here was closely related in time, the City limits its claim of error to the district court's determination that all of the conduct leading to the charges in both courts was part of a single criminal episode because there was a single criminal objective. Because the statutory definition is written in the conjunctive, we likewise address only this element.

 ¶ 7 We agree with the City that Parkinson's conduct leading to the domestic violence charges filed with the justice court and the conduct for which charges were filed in the district court did not share a common criminal objective. "[W]here a defendant is arguing that a subsequent prosecution is barred by a prior conviction, 'it is appropriate to take a narrow, rather than an expansive, view of what [a single criminal episode] entails.'" *Selzer*, 2013 UT App 3, ¶ 26, 294 P.3d 617 (second alteration in original) (quoting *Strader*, 902 P.2d at 642). It appears that the district court gave great weight to the facts that the officer investigating the domestic violence was the same officer who gave chase to Parkinson [3] and that the officer did so because he believed, albeit incorrectly, that there was a child in the car with Parkinson, thus providing a link between the domestic violence and the car chase and making them part of the same criminal episode. But the involvement of a single officer or his perception of the situation is not determinative of whether charges arose from a single criminal episode. Instead, the question focuses more on a defendant's actions, that is, whether the two sets of charges arose out of actions that were "incident to an attempt or an accomplishment of a single criminal objective." Utah Code Ann. § 76-1-401. "Whether [specific charges are] incident to the accomplishment of the same criminal objective as [other charges] depends on the specific facts of the case viewed under ... the totality of the circumstances. Additionally, the totality of facts and circumstances is viewed objectively to determine whether there exists a common criminal objective." *Strader*, 902 P.2d at 642-43 (footnote omitted).

¶ 8 This distinction was applied in *State v. Strader*, where a police officer saw the defendant enter a construction site at night, leave with an object that he put in his car, and drive away. 902 P.2d at 639. The officer stopped the vehicle and asked the driver for identification. *Id.* Identification was provided for the defendant that was clearly fake. *Id.* The officer arrested the defendant because of the false identification and subsequently found drugs in the car. *Id.* The defendant was charged in a justice court for providing false identification and pleaded guilty. *Id.* at 640. He was later charged in district court for drug possession, theft, and providing false identification. *Id.* He moved to dismiss the district court charges, citing the Single Criminal Episode Statute. *Id.* The district court dismissed the false identification charge because of the prior justice court prosecution, but declined to dismiss the other two charges. *Id.* The district court's decision denying the motion was reviewed by

---

3. This officer was not the first officer to arrive at the scene and commence the domestic violence investigation, but arrived later and was questioning the victim outside when Parkinson drove by.

this court. *Id.* at 640–44. We affirmed, holding that there was not a common criminal objective because the only common agent was "an intent to avoid arrest." *Id.* at 643–44.

¶ 9 Considering the facts and circumstances in this objective manner and applying a narrow view of the term "single criminal episode," we determine that Parkinson's attempt to flee from the officer was not incident to his acts of domestic violence. Parkinson had left the scene where the domestic violence took place, and his attempt to flee police was not incident to the accomplishment of his domestic violence objectives. *Cf. Selzer*, 2013 UT App 3, ¶¶ 25–27, 294 P.3d 617 (affirming a determination that there was no shared criminal objective between a sexual assault of a victim and the physical abuse of that victim that occurred about three hours later, after the sexual assault was completed and the victim and the defendant went to a gas station and the defendant started to hit the victim). Parkinson's domestic violence acts were directed at the victim and allegedly with the purpose of harming or frightening her. The car chase and following events were motivated by Parkinson's objective of eluding police. Furthermore, the fact that the officer who was questioning the victim about the domestic violence was the same officer who pursued Parkinson after he drove by is not determinative of whether there was a single criminal objective. *See Strader*, 902 P.2d at 643. Thus, we determine that the two sets of charges were not part of a single criminal objective and thus could be pursued in separate actions in the two courts.

¶ 10 We therefore reverse and remand.