2019 UT App 78

## THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellee,
*v.*
RODGER LYNN GARDNER,
Appellant.

Opinion
No. 20180158-CA
Filed May 9, 2019

Third District Court, Salt Lake Department
The Honorable Royal I. Hansen
No. 171900660

Nathalie S. Skibine and Neal G. Hamilton, Attorneys
for Appellant

Sean D. Reyes and William M. Hains, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES JILL M. POHLMAN and DIANA HAGEN concurred.

CHRISTIANSEN FORSTER, Judge:

¶1 After Rodger Lynn Gardner pleaded guilty to theft and burglary in the instant case—but before the district court sentenced him—Gardner appeared in the South Salt Lake Justice Court to respond to charges of theft and criminal mischief, which arose out of the same criminal episode. Gardner pleaded guilty as charged in the justice court, and that court sentenced him. Gardner then returned to the district court and, citing the proceedings in the justice court, moved to withdraw his guilty plea, arguing the constitutional prohibition against double jeopardy. The district court denied Gardner's motion and sentenced him for his theft and burglary convictions. Gardner

appeals, and asks us to determine whether the district court erred when it denied his motion to withdraw his guilty plea to theft, the one charge duplicated in both the district court and justice court cases. We affirm.

BACKGROUND

¶2 Witnesses observed Gardner enter a hole in a fence and later exit that hole carrying a wooden floor lamp and a cardboard box of auto parts. He carried the goods to a van and, shortly thereafter, a police officer initiated a traffic stop. A subsequent search of the vehicle uncovered, among other things, "a box of auto parts and a lamp."

¶3 The State charged Gardner in district court with burglary and theft, each third degree felonies, and criminal mischief, a class B misdemeanor.[1] Gardner agreed to enter a guilty plea to the burglary and theft charges in exchange for the State's agreement to dismiss the criminal mischief charge and other charges against Gardner in a separate criminal case. The district court accepted Gardner's guilty plea and ordered the preparation of a presentence report.

¶4 Almost two weeks after he pleaded guilty in district court, Gardner appeared in the South Salt Lake Justice Court on charges of theft and criminal mischief, each charged as a class B misdemeanor and both alleged crimes "arising out of the same criminal episode that served as the basis for the district-court

---

1. Theft is punishable as a third degree felony if, among other things, "the value of the property or services is or exceeds $500 and the actor has been twice before convicted of" certain enumerated offenses. Utah Code Ann. § 76-6-412(1)(b)(ii) (LexisNexis Supp. 2018).

conviction."[2] Without representation by counsel, Gardner pleaded guilty to both charges and was sentenced to serve forty-five days in jail and pay $100 in restitution. The justice court suspended the jail sentence, and Gardner paid the ordered restitution. After disposition of his justice court case, Gardner's district court defense counsel realized both cases were based upon the same criminal conduct.

¶5      Gardner filed a motion in the district court seeking permission to withdraw his guilty plea asserting that he "would not have knowingly [pleaded] guilty to the same offense twice, and defense counsel would not have advised him to do so in violation of his constitutional protection against double jeopardy." The State opposed Gardner's motion to withdraw his guilty plea by arguing, among other things, that jeopardy attached when Gardner pleaded guilty in the district court.

¶6      After hearing argument, the district court denied Gardner's motion. It determined that Utah Code section 77-13-6 precluded Gardner from withdrawing his guilty plea because he knowingly and voluntarily pleaded guilty. The district court further determined that jeopardy "first attached at the time Defendant entered his guilty plea in this matter" and that it could therefore "proceed to sentencing in this matter without violating the Double Jeopardy Clause." The district court sentenced Gardner to two concurrent prison sentences of zero-to-five years.

---

2. The State expresses some uncertainty about whether the two theft prosecutions actually arise out of the same conduct. But the State nevertheless assumes this fact for purposes of appeal. In its decision, the district court determined that "[t]he charges in each court were based on the same criminal episode."

ISSUE AND STANDARDS OF REVIEW

¶7     Gardner appeals, and asserts that the district court erred when it denied his motion to withdraw his guilty plea, particularly when it concluded that his justice court conviction and sentence did not bar prosecution and sentencing in district court. We review the "denial of a motion to withdraw a guilty plea under an abuse of discretion standard," and we review the court's associated findings of fact for clear error. *State v. Smit*, 2004 UT App 222, ¶ 7, 95 P.3d 1203 (quotation simplified). Constitutional issues, such as whether double jeopardy bars reprosecution of a defendant, are questions of law that we review for correctness, affording no deference to the district court's legal conclusions. *State v. Sommerville*, 2013 UT App 40, ¶ 6, 297 P.3d 665.

ANALYSIS

¶8     Gardner argues that the constitutional prohibition against double jeopardy renders his guilty plea to theft in the district court invalid and therefore prevents entry of his sentence for that conviction. In other words, he contends, although "jeopardy attached in district court before the double jeopardy claim arose," this attachment "did not mean that [the] district court could proceed [to sentencing] regardless of a subsequent conviction and sentence in justice court." We disagree.

¶9     Gardner was first charged in district court—in the instant case—where, pursuant to a plea agreement, he pleaded guilty to burglary and theft. Consequently, when the district court accepted Gardner's guilty plea, Gardner was placed in jeopardy—meaning he faced the many risks attendant to a criminal prosecution, including the risk of punishment for taking someone else's personal property. *See State v. Horrocks*, 2001 UT

App 4, ¶ 14, 17 P.3d 1145. Gardner's guilty pleas are convictions.[3] *See* Utah Code Ann. §§ 76-3-201(1)(a), -101(1) (LexisNexis Supp. 2018) (defining a conviction to include a guilty plea and authorizing sentencing of a person "adjudged guilty of an offense" under the Utah Criminal Code); *see also State v. Kay*, 717 P.2d 1294, 1302 (Utah 1986) (recognizing the "almost universal recognition that jeopardy attaches when a court accepts a guilty plea . . . ," and observing that "entry of the plea, rather than the actual imposition of the sentence, is the critical moment for determining jeopardy" (internal citations omitted)), *overruled on other grounds by State v. Hoff*, 814 P.2d 1119 (Utah 1991).

¶10    On appeal, Gardner does not challenge the propriety of his guilty plea in the district court. *See State v. Cuttler*, 2018 UT App 171, ¶ 11, 436 P.3d 278 ("A guilty plea is valid only if it is made voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences." (quotation simplified)); *see also* Utah Code Ann. § 77-13-6(2)(a) ("A plea of guilty . . . may be withdrawn only upon leave of the court and a showing that it was not knowingly and voluntarily made."). He concedes that, at the time he pleaded guilty in the district court, he had no double jeopardy claim. Indeed, he accepts that his guilty plea in the district court were "proper when the parties agreed to [them]." Consequently, he could not establish any basis to withdraw his guilty plea and the district court correctly denied his motion under the plea withdrawal statute. We now turn to his double jeopardy argument.

---

3. We note that Gardner asserts, without explanation or reasoned analysis, that he "was first convicted in justice court of misdemeanor theft, then convicted and sentenced in district court of a felony."

¶11    We conclude the constitutional prohibition against double jeopardy did not foreclose the district court's sentencing of Gardner following a valid conviction by way of his guilty plea accepted by the court. The United States Constitution prohibits the State from twice putting a person in jeopardy for the same offense. U.S. Const. amend. V; *see also Bernat v. Allphin*, 2005 UT 1, ¶ 10, 106 P.3d 707.[4] "The Double Jeopardy Clause embodies three separate protections: (1) protection against a second prosecution for the same offense after acquittal, (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense." *Bernat*, 2005 UT 1, ¶ 11. "These protections turn on whether the subsequent prosecution or punishment is for the 'same offense.'" *State v. Robertson*, 2017 UT 27, ¶ 15, 438 P.3d 491; *see also Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 307 (1984) ("The primary purpose of foreclosing a second prosecution after conviction . . . is to prevent a defendant from being subjected to multiple punishments for the same offense.");

---

4. The double jeopardy prohibition of the Fifth Amendment to the United States Constitution applies to the States through the Fourteenth Amendment. *Benton v. Maryland*, 395 U.S. 784, 794 (1969). We note that Gardner also asserts that his district court conviction and sentence "is a violation of the federal constitutional [double jeopardy] provision, and therefore necessarily a violation of the more protective Utah provision." He provides no separate analysis, however, explaining either how the double jeopardy protections afforded in the Utah Constitution are more protective under the circumstances or indeed how the Utah provision should apply. We accordingly limit our analysis to federal law. *See Bernat v. Allphin*, 2005 UT 1, ¶ 10, 106 P.3d 707 (declining to review application of the state constitution when petitioners provided no separate analysis of state constitutional provisions).

*People v. McCutcheon*, 368 N.E.2d 886, 888 (Ill. 1977) ("One of the purposes of the protection against double jeopardy is to protect an 'accused from the unfair harassment of successive trials.'" (quoting *United States v. Goldman*, 352 F.2d 263, 266 (3d Cir. 1965)).

¶12 Gardner concedes that, for purposes of the double jeopardy analysis, "jeopardy attaches when a plea is accepted" by the district court. Indeed, "it is well settled that jeopardy attaches when a court accepts a guilty plea and that the entry of the plea, rather than the actual imposition of the sentence, is the critical moment for determining jeopardy." *Horrocks*, 2001 UT App 4, ¶ 14 (quotation simplified). Accordingly, jeopardy attached when the district court accepted Gardner's guilty plea and he was convicted. Thereafter, the Double Jeopardy Clause operates to protect Gardner from "subsequent prosecution" for the same offense. *See Robertson*, 2017 UT 27, ¶ 15.

¶13 But Gardner argues a subsequent prosecution is barred not when jeopardy attaches but when jeopardy is "completed." Because his "justice court case ended in conviction and sentence," ending his jeopardy for that offense, he argues that the Double Jeopardy Clause bars his earlier conviction and yet-to-be-had sentencing for theft in the district court. If Gardner is correct, "he would not have been entitled to assert the double jeopardy bar" in his successive prosecution in justice court "because jeopardy had not yet been 'completed'" in the district court proceeding. *See United States v. Pierce*, 60 F.3d 886, 890 (1st Cir. 1995).

¶14 The Second Circuit Court of Appeals has addressed and rejected a similar argument. *See United States v. Idowu*, 74 F.3d 387 (2d Cir. 1996). In *Idowu*, the defendant was indicted, tried by a jury, and convicted on drug-related charges. *Id.* at 389. Prior to sentencing, the State seized and sought forfeiture of the defendant's personal property in a related administrative

forfeiture action. *Id.* at 390. The defendant moved for dismissal of her criminal convictions, arguing that, due to her having been already punished in the forfeiture action, the Double Jeopardy Clause barred her convictions in the criminal proceeding. *Id.* at 391–92.

¶15 The court determined that jeopardy attached in the forfeiture action, if at all, approximately one month following the defendant's jury trial. *Id.* at 396. It also observed that the defendant was sentenced in the criminal proceeding approximately six months after jeopardy arguably attached in the forfeiture action. *Id.* The court framed the issue as "whether, in successive punishment cases, jeopardy should attach when the criminal trial begins and the defendant is placed *at risk* of being punished (as it is in successive prosecution cases) or whether it should attach when jeopardy is 'complete'—that is, the date when the punishment is imposed." *Id.* Quoting the First Circuit's decision in *Pierce*, the *Idowu* court rejected the defendant's theory that jeopardy should attach when punishment is completed:

> This argument implies that a defendant ought to have the option to endure an unconstitutional second trial in the hope that it will both conclude first and lead to a more lenient punishment than that eventually imposed in the first trial, and then to object to the punishment imposed in the first trial on double jeopardy grounds. We cannot locate any authority to support this proposition, and we reject it out of hand.

*Id.* at 396–97 (quotation simplified).

¶16 Similarly here, Gardner has presented no persuasive authority establishing that, despite substantial precedent to the contrary, the completion of jeopardy—rather than the

attachment of jeopardy—bars further prosecution for the same offense. "The Double Jeopardy Clause is a shield against the oppression inherent in a duplicative, punitive proceeding; it is not a tool by which a defendant can avoid the consequences of the proceeding in which jeopardy first attached." *Id.* at 397 (quotation simplified).[5]

CONCLUSION

¶17 Gardner has not established a basis supporting withdrawal of his guilty plea to theft in the district court. Jeopardy first attached in the district court proceeding, not the subsequent justice court proceeding. Therefore, the prohibition against double jeopardy does not prohibit Gardner's convictions stemming from his guilty plea in district court, nor does double jeopardy bar Gardner's subsequent sentencing on those convictions. Accordingly, the district court did not exceed its discretion when it denied Gardner's motion to withdraw his guilty plea. Affirmed.

———————

5. Gardner also urges us to employ rule 22(e) of the Utah Rules of Criminal Procedure to correct his sentences, which "violate[] Double Jeopardy." Utah R. Crim. P. 22(e)(1)(C). Because we conclude that the Double Jeopardy Clause does not bar Gardner's conviction and sentencing in this case, we decline to further address this argument.