481 P.2d 53

**Marilyn HINKINS, Plaintiff and Respondent,**

v.

**Al SANTI, Defendant and Appellant.**

**No. 12067.**

Supreme Court of Utah.

Feb. 17, 1971.

Phil Hansen and Associates, Salt Lake City, for defendant and appellant.

Ronald C. Barker, Salt Lake City, for plaintiff and respondent.

TUCKETT, Justice:

The plaintiff filed her action at law in the court below seeking to recover damages for a claimed battery committed upon her by the defendant. At a subsequent time the plaintiff filed an amended complaint in which she added various other claims sounding in both tort and contract. After the filing of these proceedings the plain-tiff procured the issuance of an order restraining the defendant from committing other acts of violence or in any way molesting her. The propriety of issuing the order in the first instance would seem doubtful inasmuch as the plaintiff's action for damages would appear to be an adequate remedy, and if not she had available a statutory proceedings pursuant to the provisions of Title 77, Chap. 4. However that matter is not before us inasmuch as the defendant consented that an order be issued by the court restraining him from molesting or interfering with the plaintiff.

The plaintiff filed her affidavit alleging that the defendant had violated the court's injunction and an order to show cause was issued by the court ordering the defendant to appear on a day certain to answer for the alleged violation. At the conclusion of the hearing the court orally found the defendant in contempt of court and sentenced him to serve 15 days in the county jail with 10 days suspended on condition that the defendant pay to the plaintiff $100.00 attorney's fee. The court did not make and enter written findings of fact and judgment. The defendant has appealed to this court claiming that the pronounced sentence of the court was erroneous under the prior decisions of this court requiring the entry of written findings of fact and a judgment.[1] The plaintiff here contends that the court not having made findings of fact and not

---

1. Powers v. Taylor, 14 Utah 2d 118, 378 P.2d 519.

having entered a judgment thereon there is no final judgment from which an appeal might be taken pursuant to Rule 72(a), U.R.C.P.

It appears that the appeal taken by the defendant was not from a final judgment as required by the rule above mentioned, and the appeal therefore must be dismissed and it is so ordered. No costs awarded.

CALLISTER, C. J., and ELLETT, HENRIOD and CROCKETT, JJ., concur.