**STATE of Utah, Plaintiff and Appellee,**

v.

**Robert M. CURRY, Defendant and Appellant.**

**No. 900579–CA.**

Court of Appeals of Utah.

July 10, 1991.

J. Franklin Allred, P.C., Salt Lake City, for defendant and appellant.

R. Paul Van Dam, State Atty. Gen. and Sandra L. Sjogren, Asst. Atty. Gen., Salt Lake City, for plaintiff and appellee.

Before GARFF, BENCH and BILLINGS, JJ.

OPINION

PER CURIAM:

Defendant appeals from two consecutive sentences imposed for second and third degree felony convictions. On appeal, defendant claims the court abused its discretion in imposing consecutive sentences after receiving a ninety-day evaluation when the court had originally indicated it would impose concurrent sentences. We affirm.

On April 13, 1990, defendant pleaded guilty to a second degree felony and a third degree felony in exchange for the State's dismissal of the remaining counts and the State's agreement to recommend concurrent sentencing. On May 18, 1990, the court reviewed the presentence report and stated that defendant was sentenced to a term of one to fifteen years for the second degree felony and zero to five years for the third degree felony. The court stated that the sentences were to run concurrently. On May 23, 1990, defendant moved the court to set aside the sentence and order a ninety-day evaluation. The court held a hearing on the motion to set aside and filed a minute entry stating: "1. THE COURT WILL NOT SIGN THE JUDGMENT, SENTENCE (COMMITMENT) THAT WAS ORDERED ON MAY 18, 1990. 2. THE DEFENDANT IS ORDERED TO COMPLETE A 90 DAY EVALUATION AT THE UTAH STATE PRISON. THE SENTENCE IS CONTINUED TO AUGUST 31, 1990 at 10:30 AM." On September 7, 1990, after receiving the ninety-day evaluation, the court sentenced defendant to the same prison terms but ordered that they be served consecutively. Defendant filed a motion to amend and correct sentence on the ground the court lacked authority to impose consecutive sentences when it previously had imposed concurrent sentences. This appeal followed.

Defendant contends the imposition of consecutive sentences denies him due process of law. Defendant claims that under

Utah Code Ann. § 76–3–405 (1990) the court cannot impose a more severe sentence.

Section 76–3–405 provides that "[w]here a conviction or sentence has been set aside on direct review or on collateral attack, the court shall not impose a new sentence for the same offense or for a different offense based on the same conduct which is more severe than the prior sentence less the portion of the prior sentence previously satisfied." In this case, the court's minute entry specifically states that the hearing is continued and the court will not sign the sentence that was orally ordered on May 18. In *Hinkins v. Santi*, 25 Utah 2d 324, 481 P.2d 53 (1971), the court held that a judgment and sentence is not final and appealable where the court orally finds defendant guilty and sentences him but fails to enter written findings of fact and a judgment. Similarly, in this case the oral statement from the court regarding defendant's sentence was not reduced to writing, and thus defendant's sentence was not entered until September 7, 1990. Consequently, the sentence was not "set aside" on direct review or collateral attack within the meaning of section 76–3–405. We therefore reject defendant's contention that the court's imposition of consecutive sentences violated section 76–3–405.

Defendant also claims the prosecution breached the plea agreement by failing to recommend probation. Absent exceptional circumstances, this court will not consider issues raised for the first time on appeal. *State v. Webb*, 790 P.2d 65, 77 (Utah App.1990). Defendant did not raise this issue before the trial court. Therefore, we decline to address the issue on appeal.

All concur.