**STATE of Utah, Plaintiff and Appellee,**

v.

**Charles David WRIGHT, Defendant and Appellant.**

No. 940568–CA.

Court of Appeals of Utah.

Oct. 12, 1995.

Ronald S. Fujino and Vernice S. Ah Ching, Salt Lake City, for Appellant.

J. Kevin Murphy and Jan Graham, Salt Lake City, for Appellee.

Before ORME, GREENWOOD, and WILKINS, JJ.

OPINION

WILKINS, Judge:

Charles David Wright appeals the sentence imposed by the trial court following his

conviction for attempted possession of an incendiary device, a third-degree felony, in violation of sections 76–4–102(3) and 76–10–306(3) of the Utah Code. We affirm the sentence.[1]

## BACKGROUND

On May 23, 1994, Wright pleaded guilty to attempted possession of an incendiary device. At that time, the trial court ordered a presentence report from the Department of Adult Probation and Parole (AP & P) and set sentencing for June 20.

However, AP & P failed to prepare the presentence report by June 20. As a result, the trial court reordered the presentence report and continued sentencing to July 11, 1994, with an alternative date of August 1 in case the presentence report was not completed by July 11.

Wright appeared for sentencing on July 11. Although the ordered presentence report still had not been completed, defense counsel urged the court to proceed with sentencing. The trial court announced from the bench that it would sentence Wright to zero to five years in state prison, but that it would suspend the prison term pending Wright's successful completion of a thirty-six month probationary period.

At a hearing held one week later, July 18, 1994, the trial court announced that it would not sign the proposed commitment order until it had a chance to review the presentence report from AP & P. The trial court stated, "[T]here is no judgment, there is no sentence until I sign those papers." Once again, the trial court continued sentencing, this time to August 1, 1994.

Wright was unable to appear in court on August 1, but his attorney proffered mental health information for the trial court to consider in sentencing Wright. The trial court continued sentencing to August 29, 1994.

On August 29, after review of the completed presentence report, the trial court sentenced Wright to zero to five years in state prison, with credit for the time served since July 11. However, the trial court refused to order probation. Wright argued that the trial court had already sentenced him on July 11, that the orally-announced sentence was binding and that any imposition of a stricter sentence would violate double jeopardy and due process principles. The trial court disagreed and signed the appropriate order. Wright appeals the imposition of this stricter sentence.

## ANALYSIS

Wright claims that modification of the sentence imposed on him between the time of the oral announcement until the later entry of a more severe written sentence constitutes a violation of constitutional and statutory protections against double jeopardy. *See North Carolina v. Pearce*, 395 U.S. 711, 731–32, 89 S.Ct. 2089, 2091–92, 23 L.Ed.2d 656 (1969) (double jeopardy principles bar multiple punishments for the same offense); *State v. Holland*, 777 P.2d 1019, 1023 (Utah 1989); *see also* U.S. Const. amend. V; Utah Const. art. I, § 12; Utah Code Ann. § 77–1–6(2)(a) (1995).

 It is the law of this state, as announced in *State v. Curry*, 814 P.2d 1150 (Utah App.1991) (per curiam), that a sentence is not entered until it has been reduced to writing and signed by the court. *Id.* at 1151. Here, as in *Curry*, the defendant pleaded guilty to a crime and received an oral indication of sentence from the trial court prior to the completion of a presentence investigation and report. Here, as in *Curry*, the defendant sought to include in the presentence report additional information for the trial court's consideration after the oral announcement of sentence, but also after the trial court had indicated its intent to modify the originally announced sentence. Here, as in *Curry*, "the oral statement from the court regarding defendant's sentence was not reduced to writing, and thus defendant's sentence was not entered until [the date it was reduced to writing and signed]." *Id.*

---

**1.** We declined to receive oral arguments on this matter, having determined that "[t]he facts and legal arguments are adequately presented in the briefs and record and the decisional process would not be significantly aided by oral argument." Utah R.App. P. 29(a)(3).

CONCLUSION

Having only been sentenced once for the crime he committed, it is not legally possible for Wright to have been placed twice in jeopardy for the same offense. Thus, we affirm the sentence imposed by the trial court.

ORME, P.J., and GREENWOOD, J., concur.