**STATE of Utah, Plaintiff and Appellee,**

v.

**Rodney A. VESSEY, Defendant and Appellant.**

No. 950820–CA.

Court of Appeals of Utah.

April 2, 1998.

Rodney A. Vessey, Gunnison, Appellant Pro Se.

Jan Graham and Marian Decker, Salt Lake City, for Appellee.

Before DAVIS, P.J., and GREENWOOD and JACKSON, JJ.

OPINION

PER CURIAM:

This matter is before the court on the State's motion to dismiss without prejudice on the ground that this court lacks jurisdiction because the trial court has not yet acted on defendant's motion for a new trial. The

motion to dismiss is denied because defendant's motion for a new trial was not timely.

In May 1995, defendant was convicted by a jury of rape of a child, a first degree felony, in violation of Utah Code Ann. § 76–5–402.1 (1995). In June 1995, after his conviction but before sentencing, defendant filed a pro se motion for a new trial and a notice of appeal. The appeal was dismissed by the Utah Supreme Court in July 1995 for failure to file a docketing statement. On August 16, 1995, the trial court entered its judgment and sentence. Defendant filed a second notice of appeal on September 5, 1995 and a second motion for new trial on January 9, 1997.[1] The State moves for dismissal of this appeal on the basis that the trial court has not ruled on defendant's first motion for a new trial.

Rule 4(b) of the Utah Rules of Appellate Procedure provides that "if a timely motion under the Utah Rules of Criminal Procedure is filed in the trial court by any party (1) under Rule 24 for a new trial ... the time for appeal for all parties shall run from the entry of the order denying a new trial... A notice of appeal filed before the disposition of any of the above motions shall have no effect." If defendant's first motion for a new trial was timely, this court would have no choice but to dismiss the appeal. To determine what constitutes a "timely" motion for new trial, we look to rule 24 of the Utah Rules of Criminal Procedure.

Rule 24 requires a motion for new trial to be "made within 10 days after imposition of sentence, or within such further time as the court may fix during the ten-day period." Utah R.Crim.P. 24(c). The language of the rule is clear. The rule does not provide for timeliness of motions filed after announcement, but prior to entry of judgment, as is the case with rule 4(c) of the Utah Rules of Appellate Procedure.[2] Rather, rule 24 requires that a motion for new trial be filed within ten days *after* imposition of *sentence*.

■ When the language of a rule or statute is unambiguous, Utah courts have consistently held the rule's plain language must be followed. *See State v. Parker*, 936 P.2d 1118, 1120 (Utah Ct.App.1997) (citing *Salt Lake Child & Family Therapy Clinic, Inc. v. Frederick*, 890 P.2d 1017, 1020 (Utah 1995); *Bonham v. Morgan*, 788 P.2d 497, 502 (Utah 1989) (per curiam); *Allred v. Utah State Retirement Bd.*, 914 P.2d 1172, 1175 (Utah Ct.App.1996)). *Webster's Third New International Dictionary* (1986) defines "timely" as "falling within a time prescribed by law or contract." *Id.* at 2395. "Untimely" is defined to include "occurring or done before the due, natural, or proper time: too early: PREMATURE." *Id.* at 2513 (emphasis in original). In this case, defendant filed his first motion for a new trial with the trial court after conviction, but before sentencing. Therefore, the motion was untimely under rule 24. *See* Utah R.Crim.P. 24(c).

■ "An untimely motion for a new trial has no effect on the running of the time for filing a notice of appeal." *Burgers v. Maiben*, 652 P.2d 1320, 1321 (Utah 1982). Based on the plain language of rule 24 of the Utah Rules of Criminal Procedure, defendant's first motion for a new trial was not timely. Therefore, no post-judgment motion tolled the time for filing a notice of appeal. Defendant's notice of appeal was filed within thirty days after entry of the final judgment as required by rule 4(a) of the Utah Rules of Appellate Procedure. Because the notice of appeal was timely, this court has jurisdiction over the appeal. Therefore, the State's motion to dismiss for lack of jurisdiction is denied.

---

1. In an unsigned minute entry dated January 15, 1997, the trial court stated that it did not have jurisdiction over defendant's untimely, second motion for new trial.

2. Rule 4(c) states: "[A] notice of appeal filed after the announcement of a decision, judgment, or order but before the entry of the judgment or order of the trial court shall be treated as filed after entry and on the day thereof."