2004 UT App 266

**STATE of Utah, Plaintiff and Appellee,**

v.

**Shayne E. TODD, Defendant and Appellant.**

**No. 20030157–CA.**

Court of Appeals of Utah.

Aug. 12, 2004.

Rehearing Denied Sept. 30, 2004.

Linda M. Jones, Salt Lake City, for Appellant.

Mark L. Shurtleff, Atty. Gen., and Kris C. Leonard, Asst. Atty. Gen., Salt Lake City, for Appellee.

Before BILLINGS, P.J., DAVIS, and ORME, JJ.

## OPINION

ORME, Judge:

¶ 1 Defendant Shayne Todd was convicted of murder, a first degree felony under Utah Code Ann. § 76-5-203 (2003), and possession of a dangerous weapon by a restricted person, a second degree felony under Utah Code Ann. § 76-10-503(3) (2003). Defendant claims the trial court erred in failing to grant his motion for a new trial, which was based on allegedly improper statements made by the prosecutor during closing argument. Because Defendant's motion for new trial was not timely filed, we dismiss the appeal for lack of jurisdiction.

## BACKGROUND

¶ 2 Defendant and the victim were married, but had separated. In February 1999, the victim was living with her new boyfriend. Since their estrangement, the victim had maintained physical possession of a Chevrolet Blazer, which Defendant had purchased prior to their marriage. Defendant permitted the victim to continue using the Blazer, on the condition that the boyfriend not drive the car. On February 28, 1999, Defendant, seeing the Blazer parked in front of the victim's house, decided to take the vehicle using a key he had retained. Defendant took the Blazer, along with some of the victim's personal property that happened to be inside the Blazer, including her purse.

¶ 3 When the victim noticed the Blazer was missing, she phoned the police, who told her they could not help her retrieve the car from Defendant because the car was titled in both their names and they were still legally married. Later in the day, the victim called Defendant, and they arranged to meet in a parking lot where Defendant would return the personal property.

¶ 4 That evening, the victim was driven by her brother to the agreed destination. They parked next to the already-arrived Blazer, and Defendant, who was still inside the Blazer, handed the victim's purse to her brother. Meanwhile, the victim exited the car, approached the driver's door of the Blazer, and began arguing with Defendant. Defendant began to drive away as the victim reached into the open window, but the victim held on to the door. The victim continued to hang on to the car as Defendant drove through the parking lot at increased speeds. The victim's brother, realizing what was happening, did a

U-turn and began to follow the Blazer. Suddenly, her brother heard a loud popping noise and saw the victim drop to the ground. The Blazer then sped out of the parking lot without slowing down. The victim had been shot in the head and was pronounced dead by the paramedics who responded to the scene. A day later, Defendant was apprehended at a relative's house.

¶ 5 Defendant was charged with murder and possession of a dangerous weapon by a restricted person, with a weapons enhancement applied to the murder charge and a habitual violent offender enhancement applied to both charges. Defendant pled guilty to the possession charge and, in exchange, the State dropped both enhancements. After a nine-day jury trial, Defendant was convicted of murder.

¶ 6 At trial, Defendant testified that he had brought the gun to the property exchange because he feared the boyfriend and another friend of the victim. He also testified that the gun, cocked and ready to be fired, rested in his lap when he was seated inside the Blazer and that when the victim jumped onto the Blazer, she grabbed the gun, and they struggled for possession of the gun, which accidentally fired.

¶ 7 A sentencing hearing was held on March 14, 2001, in which the trial court orally announced Defendant's sentences. Defendant filed a motion for a new trial on March 22, 2001. On March 28, 2001, the court entered its written sentencing order, which constituted the final judgment in the case. Nearly two years later, by order entered on January 23, 2003, the trial court denied Defendant's motion for a new trial. On February 21, 2003, Defendant filed his notice of appeal.

## ISSUES AND STANDARD OF REVIEW

¶ 8 Defendant raises one issue on appeal: Did the trial court err in failing to grant Defendant's motion for a new trial based on statements made by the prosecutor during closing arguments? However, upon request of this court, both parties also briefed the question of whether Defendant's motion for a new trial was timely filed. *See* Utah R.App. P. 4(b) (stating that *timely* motion for new trial postpones time for appeal to thirty days after entry of order disposing of motion).

¶ 9 Subject matter jurisdiction "is derived from the law. It can neither be waived nor conferred by consent of the accused. Objection to the jurisdiction of the court over the subject matter may be urged at any stage of the proceedings, and the right to make such an objection is never waived." *James v. Galetka*, 965 P.2d 567, 570 (Utah Ct.App.1998) (internal quotations and citation omitted), *cert. denied*, 982 P.2d 88 (Utah 1999).

## ANALYSIS

¶ 10 On March 14, 2001, the trial court held a sentencing hearing, at which it orally pronounced Defendant's sentences. However, the trial court did not enter its written sentencing order until two weeks later, on March 28.[1] On March 22, between the time when the sentence was announced and when the sentencing order was entered, Defendant filed a motion for a new trial. Nearly two years later, on January 23, 2003, the trial court denied Defendant's motion for a new trial, and on February 21, 2003, Defendant filed his notice of appeal.

¶ 11 Rule 24(c) of the Utah Rules of Criminal Procedure states that "[a] motion for a new trial shall be made within ten days after imposition of sentence." Defendant argues that the trial court's oral ruling at the sentencing hearing constituted the "imposition of sentence" for purposes of rule 24(c). Thus, because his motion for a new trial was filed within ten days after the sentencing hearing, Defendant insists his motion was timely.[2]

Therefore, in a Utah criminal case, a final judgment occurs when the trial court enters the written judgment of conviction, including the sentence, into the record.

2. Although filed nearly two years after his motion for new trial, Defendant's notice of appeal

---

1. Pursuant to rule 22 of the Rules of Criminal Procedure, "[u]pon a verdict or plea of guilty or plea of no contest, the court shall impose sentence and shall enter a judgment of conviction which shall include the plea or the verdict, if any, and the sentence." Utah R.Crim. P. 22(c).

¶ 12 The State argues that "imposition of sentence" is not equivalent to the mere oral announcement of an intended sentence. Rather, the actual entry of the written order imposing sentence is what constitutes the "imposition of sentence," commencing the period for filing a timely motion for a new trial. *See* Utah R.Crim. P. 24(c). The State argues that because the motion for a new trial was filed prior to the "imposition of sentence," it was "premature and thus untimely." *State v. Putnik*, 2002 UT 122, ¶¶ 5,8, 63 P.3d 91.

▮ ¶ 13 " 'An untimely motion for a new trial has no effect on the running of the time for filing a notice of appeal.' " *State v. Vessey*, 957 P.2d 1239, 1240 (Utah Ct.App. 1998) (per curiam) (quoting *Burgers v. Maiben*, 652 P.2d 1320, 1321 (Utah 1982) (per curiam)). Because the motion for a new trial was untimely, the State argues that the time for filing the notice of appeal was not tolled. Thus, the State contends the notice of appeal had to be filed within thirty days of the entry of the written sentencing order, which occurred on March 28, 2001. *See* Utah R.App. P. 4(a). Alternatively, the motion for new trial could have been filed within ten days after the imposition of sentence, i.e., entry of the sentencing order, in which event the notice of appeal could then be filed within thirty days of the order denying the motion. Given that neither of these scenarios occurred, the State contends that this court is without jurisdiction over this appeal.

▮ ¶ 14 The jurisdictional issue in this case turns on whether the "imposition of sentence" under rule 24(c), Utah Rules of Criminal Procedure, is interpreted as the oral announcement of an intended sentence or entry of the written order imposing sentence. Although this precise issue appears to be one of first impression, Utah judicial opinions have discussed when a sentence is considered final for other purposes.

¶ 15 "It is the law of this state, as announced in *State v. Curry*, 814 P.2d 1150 (Utah Ct.App.1991) (per curiam), that a sentence is not entered until it has been reduced to writing and signed by the court." *State v. Wright*, 904 P.2d 1101, 1102 (Utah Ct.App. 1995), *cert. denied*, 916 P.2d 909 (Utah 1996). *Curry* involved a defendant whose sentence was orally pronounced by the trial court, after which he filed a motion to set aside the sentence and requested a ninety-day evaluation. *See* 814 P.2d at 1150. A hearing was held, and the court stated that it would not sign an order implementing the previously announced sentence and instead ordered a ninety-day evaluation of the defendant. *See id.* Following the ninety-day evaluation, the court again pronounced its sentence upon defendant. However, this time the sentences were to run consecutively rather than concurrently, as had been previously announced. *See id.* The defendant appealed, arguing that his due process rights were violated when the trial court imposed a more severe sentence than what had been first announced. *See id.* at 1150–51.

¶ 16 On appeal, this court held that "the oral statement from the court regarding defendant's sentence was not reduced to writing, and thus defendant's sentence was not entered until" after the second sentencing hearing when the sentence was actually reduced to writing. *Id.* at 1151. In reaching its conclusion in *Curry*, this court followed *Hinkins v. Santi*, 25 Utah 2d 324, 481 P.2d 53 (Utah 1971), which held that "a judgment and sentence is not final and appealable where the court orally finds defendant guilty and sentences him but fails to enter written findings of fact and a judgment." *Curry*, 814 P.2d at 1151 (citing *Hinkins*, 481 P.2d at 54).

¶ 17 Additionally, in *State v. Wright*, 904 P.2d 1101 (Utah Ct.App.1995), the trial court orally announced a sentence, then one week later stated that it would not implement the tentative sentence until it had a chance to review the presentence report, specifically stating "[t]here is no judgment, there is no sentence until I sign those papers." *Id.* at

---

would be timely if the notice was filed within thirty days of entry of the order denying the motion, *see* Utah R.App. P. 4(a) (stating that "notice of appeal ... shall be filed ... within 30 days after the date of entry of the judgment or order appealed from"), assuming only that the

motion for new trial was itself timely, i.e., filed within ten days after imposition of sentence. *See* Utah R.App. P. 4(b) (stating that timely motion for new trial tolls time for filing notice of appeal until "the entry of the order denying a new trial").

1102. The trial court, at a later hearing, sentenced the defendant, but this time without the benefit of a thirty-six month probationary period, instead imposing a prison term. Following the second sentencing hearing, the trial court signed and entered its written sentencing order. *See id.*

¶ 18 On appeal, this court "affirm[ed] the sentence imposed by the trial court," *id.* at 1103, noting that the defendant had "only been sentenced once for the crime," i.e., when the written sentencing order was entered. *Id.* Like *Curry*, *Wright* also follows the rule that a sentence is not appealable or otherwise final until entry of an order signed by the court.[3] Given these precedents, it is clear that the oral indication of a sentence does not constitute the "imposition of sentence" for purposes of determining the timeliness of a motion for new trial under Utah Rule of Criminal Procedure 24(c).[4]

¶ 19 This conclusion is consistent with *State v. Vessey*, 957 P.2d 1239 (Utah Ct.App. 1998) (per curiam), in which this court examined "what constitute[d] a 'timely' motion for new trial" pursuant to rule 24 of the Utah Rules of Criminal Procedure, *id.* at 1240, and in light of the language in rule 4(c) of the Rules of Appellate Procedure, which states: "[A] notice of appeal filed after the announcement of a decision, judgment, or order but before the entry of the judgment or order of the trial court shall be treated as filed after such entry and on the day thereof." Utah R.App. P. 4(c). In *Vessey*, this court concluded that rule 24 "does not provide for timeliness of *motions* filed after announcement, but prior to entry of judgment, as is

the case with rule 4(c) of the Utah Rules of Appellate Procedure" with respect to notices of appeal. 957 P.2d at 1240 (emphasis added). *See* Utah R.Crim. P. 24(c). There is simply no such language in rule 24. Therefore, filing a motion for new trial prior to imposition of sentence, i.e., prior to entry of the order imposing sentence, will not be treated as filed after entry, as permitted in certain situations by rule 4(c), but rather must be regarded as untimely.

¶ 20 Our interpretation of the phrase "imposition of sentence," and the resulting jurisdictional rule, are consistent with the familiar policy favoring one appeal per case, which appeal should follow entry of final judgment. *See, e.g.,* Utah R.App. P. 4; Utah R.App. P. 5; Utah R. Civ. P. 65B; Utah Code Ann. § 78-35a-106(1)(c) (2002) (stating that, ordinarily, "[a] person is not eligible for relief [under the Post-Conviction Remedies Act] upon any ground that," among other things, "could have been but was not raised ... on appeal"). In contrast, Defendant's interpretation, in certain circumstances, would require either two appeals in a single case or a single appeal, taken prior to the entry of final judgment. For example, if the court announced sentence, a defendant immediately filed his motion for a new trial, and the court immediately entered its order denying the motion, but did not enter its order imposing sentence until some months later, in defendant's view, either the notice of appeal would have to be filed within thirty days of denial of the motion—months before the entry of final judgment—or two notices of appeal would be required: one filed within thirty days of de-

---

3. The principle that a judgment, sentence, or order does not become final until it is reduced to writing and signed by the court has been reaffirmed in any number of contexts. *See, e.g., State v. Gardner*, 2001 UT 41, ¶ 10, 23 P.3d 1043 (noting that "an appeal filed before a formal post-judgment order is entered is ineffective and a new appeal has to be filed within thirty days *after* the entry of the formal order"); *State v. Crowley*, 737 P.2d 198, 198 (Utah 1987) (per curiam) (stating that "[a]n unsigned minute entry does not constitute a final order for purposes of appeal"); *Wilson v. Manning*, 645 P.2d 655, 655 (Utah 1982) (per curiam) (holding that "[a]n unsigned minute entry does not constitute an entry of judgment, nor is it a final judgment for purposes of [appeal]"); *State v. Gerrard*, 584 P.2d

885, 887 (Utah 1978) (stating that oral statements made from the bench are not the judgment of the court and therefore are not appealable).

4. Defendant cites to several cases from other jurisdictions in support of his argument that "imposition of sentence" and entry of a formal, written sentence are two distinct acts. However, these cases have no binding effect in Utah, are at odds with the rule consistently followed in Utah, and are logically unpersuasive. *See, e.g., Kriebel v. United States*, 10 F.2d 762, 764 (7th Cir.1926); *State v. Trunnel*, 549 P.2d 550, 551 (Alaska 1976); *Rodarte v. State*, 840 S.W.2d 781, 782 (Tex.Ct.App.1992) (per curiam).

nial of the motion and one filed within thirty days of the entry of final judgment.

 ¶ 21 "If an appeal is not timely filed, this court lacks jurisdiction to hear the appeal." *Serrato v. Utah Transit Auth.*, 2000 UT App 299,¶ 7, 13 P.3d 616, *cert. denied*, 21 P.3d 218 (Utah 2001). "When a matter is outside the court's jurisdiction it retains only the authority to dismiss the action." *Varian–Eimac, Inc. v. Lamoreaux*, 767 P.2d 569, 570 (Utah Ct.App.1989).

## CONCLUSION

¶ 22 Due to the untimeliness of the motion for new trial, the time period for filing the notice of appeal was not tolled, and therefore, the notice of appeal was untimely. Accordingly, we dismiss this appeal for lack of jurisdiction.

¶ 23 WE CONCUR: JUDITH M. BILLINGS, Presiding Judge, and JAMES Z. DAVIS, Judge.