2013 UT App 99

# THE UTAH COURT OF APPEALS

STATE OF UTAH,

*Plaintiff and Appellee,*

*v.*

KEITH SCOTT BROWN,

*Defendant and Appellant.*

Per Curiam Decision
No. 20130095-CA
Filed April 18, 2013

Fourth District, Provo Department
The Honorable David N. Mortensen
No. 111400408

Taylor C. Hartley and H.D. Gailey, Attorneys for Appellant
John E. Swallow and Marian Decker, Attorneys for Appellee

Before JUDGES ORME, DAVIS, and McHUGH.

PER CURIAM:

¶1     Keith Scott Brown appeals the denial of his motion for a misplea seeking to set aside his guilty pleas to one count of sodomy on a child, a first degree felony, and two counts of sexual abuse of a child, a second degree felony. This case is before the court on a sua sponte motion for summary disposition. We dismiss the appeal because we lack jurisdiction to consider the belated challenge to his guilty pleas.

¶2     Brown pleaded guilty to the charges on February 17, 2011. On March 31, 2011, the district court announced the sentence and entered a signed judgment and sentence. Brown did not make a

motion to withdraw his guilty pleas at any time prior to sentencing. *See* Utah Code Ann. § 77-13-6(2)(b) (LexisNexis 2012) ("A request to withdraw a plea of guilty . . . shall be made by motion before sentence is announced."). On November 6, 2012, Brown filed a motion for misplea requesting the district court to sua sponte set aside his guilty plea. The district court "decline[d] to exercise its discretion and find a misplea." The district court further concluded, "In the absence of the court sua sponte considering the misplea, the court no longer has jurisdiction to consider the matter."

¶3     Failure to file a motion to withdraw a guilty plea within the time frame required by section 77-13-6 deprives the trial court and appellate courts of jurisdiction to review the validity of the plea. *See State v. Rhinehart*, 2007 UT 61, ¶¶ 12–14, 167 P.3d 1046; *see also Grimmett v. State*, 2007 UT 11, ¶ 8, 152 P.3d 306 ("Utah Code section 77-13-6(2)(b) establishes the filing limitations that govern a criminal defendant's right to withdraw a guilty plea. These filing limitations are jurisdictional."). The failure to file a timely motion to withdraw a guilty plea "extinguishes a defendant's right to challenge the validity of the guilty plea on appeal." *Grimmett*, 2007 UT 11, ¶ 8. "Any challenge to a guilty plea not made within the time period specified in [section 77-13-6(2)(b)] shall be pursued under Title 78B, Chapter 9, Post-Conviction Remedies Act, and Rule 65C, Utah Rules of Civil Procedure." Utah Code Ann. § 77-6-13(2)(c).

¶4     Brown did not move to withdraw his guilty plea within the time required by section 77-13-6, but he sought to challenge its validity by a motion for a misplea filed over a year and a half after entry of his guilty plea. Brown argued that the request for the district court to act to vacate a guilty plea was not subject to the time restrictions on a motion to withdraw a guilty plea. In *State v. Ott*, 2010 UT 1, 247 P.3d 344, the Utah Supreme Court rejected an argument "that this court should disregard [Ott's] failure to timely move to withdraw his guilty plea because his guilty plea constitutes a misplea." *Id*. ¶ 19. The supreme court declined "to discuss whether Mr. Ott's plea met the requirements for a court to grant a

misplea because we hold that the misplea doctrine . . . cannot be used to circumvent juridictional requirements." *Id.* ¶ 20. Citing *State v. Lopez*, 2005 UT App 496, ¶ 19, 128 P.3d 1, the supreme court acknowledged that under appropriate circumstances a trial court "may sua sponte set aside a guilty plea even after the time restrictions of section 77-13-6 have expired." *Ott*, 2010 UT 1, ¶ 20. However the *Ott* decision distinguished the facts of Ott's case from the facts of *Lopez* because the district court in *Lopez* actually exercised its discretion to sua sponte set aside the guilty plea prior to entering its judgment and sentence. *See id.*; *see also Lopez*, 2005 UT App 496, ¶ 28 (concluding that the "trial court had jurisdiction to sua sponte withdraw Defendant's guilty plea after announcement of his sentence but before entry of a written judgment"). Under the circumstances in *Ott*, where the district court did not exercise its discretion to set aside the guilty plea prior to entering judgment, the supreme court held that the jurisdictional bar of section 77-6-13 applied and that it therefore lacked jurisdiction to determine the validity of the guilty plea under the misplea doctrine. *Ott*, 2010 UT 1, ¶ 20. Similarly, the district court in Brown's case did not declare a misplea sua sponte prior to entering judgment, and it declined to do so later at Brown's suggestion. Therefore, we are jurisdictionally barred from considering a challenge to the validity of the guilty plea.

¶5 Even after restating the *Ott* holding, Brown repeats the arguments made in, and rejected by, the district court that a misplea should have been granted sua sponte by that court. Brown's motion for misplea cannot "be used to circumvent jurisdictional requirements." *Id*. Because we conclude that we lack jurisdiction to review a challenge to the validity of Brown's guilty plea, we do not consider the merits of the arguments that the district court erred in denying the motion for a misplea. Accordingly, we dismiss the appeal for lack of jurisdiction.

———