**2018 UT App 171**

# THE UTAH COURT OF APPEALS

STATE OF UTAH,
Appellant,
*v.*
JAMES ROBERT CUTTLER SR.,
Appellee.

Opinion
No. 20170396-CA
Filed September 7, 2018

Fourth District Court, Provo Department
The Honorable Lynn W. Davis
No. 121402748

Sean D. Reyes and Jeffrey S. Gray, Attorneys
for Appellant

Emily Adams and Cherise M. Bacalski, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN FORSTER authored this Opinion,
in which JUDGES GREGORY K. ORME and KATE A. TOOMEY
concurred.

CHRISTIANSEN FORSTER, Judge:

¶1     The State charged James Robert Cuttler Sr. with six first-degree felonies, including rape of a child, sodomy upon a child, and aggravated sexual abuse of a child. Due to a previous conviction for sodomy upon a child, each count potentially subjected Cuttler to an enhanced penalty of life in prison without the possibility of parole. Cuttler ultimately agreed to plead guilty to one count of rape of a child without the enhancement, which carried a 25-years-to-life prison sentence. Before sentencing, Cuttler moved to withdraw his guilty plea and the district court granted that motion after an evidentiary

hearing. The State appeals. We agree with the State that the district court exceeded its discretion in granting Cuttler's motion to withdraw his guilty plea, and we therefore reverse.

BACKGROUND

¶2    In October 2012, a seven-year-old child reported to authorities that Cuttler engaged in sexual intercourse with her. Soon after the report, the State charged Cuttler with two counts each of rape of a child, Utah Code Ann. § 76-5-402.1 (LexisNexis 2012); sodomy on a child, *id.* § 76-5-403.1; and aggravated sexual abuse of a child, *id.* § 76-5-404.1. Because Cuttler has a prior conviction of sodomy on a child, each of the six charges carried the possibility of an enhanced penalty, subjecting Cuttler to life in prison without the possibility of parole. *See id.* §§ 76-5-402.1(2)(b)(ii), -403.1(2)(b)(ii), -404.1(5)(c).

¶3    The State notified Cuttler of its intent to introduce evidence of his prior conviction for sexually molesting two different victims in another state, but the district court concluded that the evidence would be excluded at trial. On interlocutory appeal, the Utah Supreme Court reversed the district court's order. *See generally State v. Cuttler*, 2015 UT 95, 367 P.3d 981. Pending disposition of the evidentiary issue in the supreme court, Cuttler allegedly fled from Utah while on pretrial release, resulting in the State filing additional charges against him.

¶4    Following the supreme court's decision and the new charges, the State offered Cuttler a plea deal for global resolution of all charges. It offered to let him plead guilty to one count of rape of a child in exchange for the State's agreement to remove the enhanced life-without-parole penalty on that charge, to dismiss the remaining five charges, and to dismiss the separate case for fleeing the jurisdiction. Cuttler agreed to these terms. In the written plea agreement, Cuttler acknowledged that "[he] did

have sexual intercourse with a child under the age of 14," which constituted a first-degree-felony rape of a child and carried a punishment of "25 years to life."

¶5     At the plea hearing, the prosecutor informed the court that Cuttler intended to plead guilty to rape of a child, identifying it as "Count I without the enhancement. That is a mandatory 25 to life, however." During the plea colloquy, the district court identified the sentence as "25 years to life . . . in the Utah State Prison" and asked Cuttler if he understood that the charge carries a "mandatory 25 years to life" sentence. Cuttler responded "Yes." The district court also stated that the charge required mandatory imprisonment, which Cuttler acknowledged he understood. At the conclusion of the hearing, the court found Cuttler to be "proceeding voluntarily, knowingly[,] and with full understanding," and it subsequently endorsed his guilty plea.

¶6     Prior to sentencing, conflict counsel appeared on behalf of Cuttler and moved to withdraw his guilty plea, which motion the State opposed. The district court held an evidentiary hearing at which Cuttler and his prior Plea Counsel testified.[1] Cuttler explained, "[W]e discussed 25 to life, not mandatory 25 to life." Cuttler could not recall whether his Plea Counsel had ever used the word "mandatory" in their discussions of the sentence or if counsel had advised him that the judge would have the ability to reduce the sentence below 25 years. Cuttler argued that his plea was not knowingly made, because "he did not understand that the Court lost discretion to reduce his sentence below 25 years in prison."

---

1. Two attorneys represented Cuttler at the plea hearing. For convenience, we will refer to them collectively as Plea Counsel. We note, however, that only one testified at the plea withdrawal hearing.

¶7 The district court ultimately agreed that Cuttler's plea was not made knowingly. Specifically, the court determined that, by entering the plea,

> [Cuttler] was subjecting himself to a mandatory sentence that included time in the Utah State Prison for a term of 25 years to life. However, he did not know that he was subjecting himself to a minimum mandatory sentence of 25 years. He understood that the sentence was mandatory, but in no part of the record was he made aware that the sentence was a minimum mandatory sentence that took away all discretion from the judge or the State of Utah Board of Pardons.

The district court further concluded that it fully complied with rule 11 of the Utah Rules of Criminal Procedure in taking the plea. The State timely appealed. *See* Utah Code Ann. § 77-18a-1(3)(c) (LexisNexis 2017).

## ISSUE AND STANDARDS OF REVIEW

¶8 The State contends that the district court erroneously granted Cuttler's motion to withdraw his guilty plea. We review the district court's resolution of a motion to withdraw a guilty plea for abuse of discretion, and we review the district court's related findings of fact for clear error. *State v. Beckstead*, 2006 UT 42, ¶ 7, 140 P.3d 1288. The district court abuses its discretion when its decision is "beyond the limits of reasonability," *State v. Olsen*, 860 P.2d 332, 334 (Utah 1993) (quotation simplified), or where the district court made a mistake of law, *see State v. Barrett*, 2005 UT 88, ¶ 17, 127 P.3d 682. "Appellate courts must also determine . . . whether the defendant actually understood the charges, the constitutional rights, and the likely

consequences of the plea and voluntarily chose to plead guilty." *State v. Candland*, 2013 UT 55, ¶ 16, 309 P.3d 230.


ANALYSIS

¶9 In this case, the State challenges the district court's decision to grant Cuttler's motion to withdraw his guilty plea. Particularly, the State asserts that the district court erred in determining that the applicable sentence was a "minimum mandatory sentence." *See* Utah R. Crim. P. 11(e)(5). Because the court concluded that the sentence to be imposed in this case required a minimum mandatory period of incarceration, it determined that Cuttler's guilty plea was not entered knowingly. That is, the district court concluded that, because Cuttler never heard the words "minimum mandatory" uttered during the plea hearing, Cuttler could not understand the "minimum mandatory nature" of his sentence. *See id.* We first consider the applicable sentence in this case, and then we review the guilty plea and the district court's authorization of withdrawal of that plea.

## I. The Applicable Sentence

¶10 Rape of a child, a first-degree felony, is "punishable by a term of imprisonment of . . . not less than 25 years and which may be for life." Utah Code Ann. § 76-5-402.1(2), (2)(a) (LexisNexis 2017).[2] Under the circumstances of this case,

---

2. The punishment is enhanced to life without parole if "the defendant was previously convicted of a grievous sexual offense." Utah Code Ann. § 76-5-402.1(2)(b)(ii) (LexisNexis 2017). Although the State originally charged Cuttler with enhancements under this section, the State agreed to strike those as part of the plea agreement.

imprisonment is mandatory after conviction. *Id.* § 76-5-402.1(5) ("Imprisonment under this section is mandatory. . . .");[3] *see also id.* § 76-3-406(1), (1)(f) (providing that "probation may not be granted, the execution or imposition of sentence may not be suspended, the court may not enter a judgment for a lower category of offense, and hospitalization may not be ordered, the effect of which would in any way shorten the prison sentence for any person who commits . . . rape of a child").[4] Consequently, by pleading guilty, Cuttler subjected himself to a sentence of mandatory imprisonment of 25 years to life. The written plea agreement between the parties set forth the applicable punishment for the crime of rape of a child. The district court also explained, and confirmed that Cuttler understood, that conviction for rape of a child would subject Cuttler to mandatory imprisonment for 25 years to life.

## II. The Guilty Plea

¶11     Having been informed of the applicable sentence, Cuttler pleaded guilty to one count of rape of a child. A guilty plea is valid "only if it is made 'voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences.'" *State v. Alexander*, 2012 UT 27, ¶ 16, 279 P.3d 371 (quoting *Bradshaw v. Stumpf*, 545 U.S.

---

3. We cite to the current version of the statute here because, although this section has been modified, the language of this provision has not changed.

4. We note that the legislature has made available an exception to imprisonment in certain circumstances under which eligible offenders can avoid mandatory imprisonment if particular statutory requirements are met. *See* Utah Code Ann. §§ 76-5-406.5, -402.1(4)(a). Cuttler was not eligible for this exception.

175, 183 (2005)); *see also* Utah Code Ann. § 77-13-6(2)(a) (LexisNexis 2017) ("A plea of guilty . . . may be withdrawn only upon leave of the court and a showing that it was not knowingly and voluntarily made."). Utah law requires that the district court inform defendants of the direct consequences of a guilty plea, "but not necessarily every collateral consequence of [the] plea." *See State v. Smit*, 2004 UT App 222, ¶ 29, 95 P.3d 1203 (quotation simplified). A direct consequence of a guilty plea "is one that will have a 'definite, immediate and largely automatic effect on the range of the defendant's punishment' such as lack of eligibility for parole." *Id.* (quoting *Cuthrell v. Director, Patuxent Inst.*, 475 F.2d 1364, 1366 (4th Cir. 1973)). A collateral consequence is one that is discretionary and unrelated to the length and nature of the sentence imposed on the basis of the plea—"such as the possibility of a concurrent state sentence . . . , or the possibility of revocation of parole." *Id.*

¶12    Before accepting a guilty plea, the court must advise defendants of the constitutional rights they will be giving up and explain the charges and direct consequences of pleading guilty. "To aid district courts, . . . rule 11 of the Utah Rules of Criminal Procedure . . . provides a roadmap for ensuring that defendants receive adequate notice of their rights and for examining defendants' subjective understanding and intent." *State v. Candland*, 2013 UT 55, ¶ 14, 309 P.3d 230. Relevant to our review, rule 11(e)(5) of the Utah Rules of Criminal Procedure requires the court to ensure that "the defendant knows the minimum and maximum sentence, and if applicable, the minimum mandatory nature of the minimum sentence, that may be imposed for each offense to which a plea is entered." The court must explain and a defendant must understand the penalty that will be imposed upon conviction of the charged crime. The imposition of that penalty is a direct consequence of pleading guilty.

¶13    Here, when considering whether to accept Cuttler's guilty plea, the district court progressed through the requirements of

rule 11 in open court. The court also received a written plea agreement supporting Cuttler's guilty plea. This agreement stated that Cuttler was pleading guilty to rape of a child, a first-degree felony. Under the heading "Punishment Min/Max and/or Minimum Mandatory," Cuttler was notified that pleading guilty subjected him to a sentence of "25 years to life." In the plea agreement, Cuttler further acknowledged:

> I know the maximum sentence that may be imposed for each crime to which I am pleading guilty . . . . I know that by pleading guilty . . . to a crime that carries a mandatory penalty, I will be subjecting myself to serving a mandatory penalty for that crime. I know my sentence may include a prison term, fine, or both.

¶14 The district court accepted Cuttler's guilty plea, apparently satisfied that "[h]e knew that he was subjecting himself to a mandatory sentence that included time in the Utah State Prison for a term of 25 years to life." The direct penal consequence of Cuttler's guilty plea for rape of a child included exactly that which was explained to him: a mandatory, indeterminate "term of imprisonment of . . . not less than 25 years and which may be for life." Utah Code Ann. § 76-5-402.1(2), (2)(a) (LexisNexis 2017).

### III. The Plea Withdrawal

¶15 Despite finding that Cuttler understood the applicable sentence and that "the Court's colloquy was comprehensive and followed the Rule 11 plea requirements," the district court set aside Cuttler's guilty plea. It determined that because no one clarified for Cuttler during the plea colloquy that his 25-years-to-life sentence was a "minimum mandatory sentence," "Cuttler could have been left with the reasonable understanding that even though there was a mandatory sentence, the Court or the

Board of Pardons retained some discretion to reduce, but not eliminate, that mandatory sentence."[5] The court concluded that Cuttler met his burden and demonstrated that his plea was not knowingly made because he was not "made aware that the sentence was a minimum mandatory sentence that took away all discretion from the judge or the State of Utah Board of Pardons." The State asserts that the district court erred as a matter of law in reaching this conclusion. We agree.

¶16 The court erroneously determined that Cuttler was subject to a minimum mandatory term of imprisonment and that, in order for his plea to be knowingly entered, the court was required to advise Cuttler that the court lacked discretion to

---

5. Cuttler's understanding that the court and the Board retained discretion to reduce the minimum term is not challenged on appeal, and we accordingly decline to disturb the district court's findings. We note, however, that the record reflects no affirmative statement, passing comment, or suggestion, which might have led Cuttler to develop this understanding. He certainly did not bring it to the court's attention at the change-of-plea hearing. In any event, Cuttler explains that, when he pleaded guilty, he simply "did not know what he did not know. How could he?" *See McAdams v. Town of Barnard*, 2007 VT 61, ¶ 13 n.5, 936 A.2d 1310 (noting that the "conundrum of known unknown roads brings to mind one of former Secretary of Defense Donald Rumsfeld's famous existential musings: 'As we know, there are known knowns. There are things we know we know. We also know there are known unknowns. That is to say we know there are some things we do not know. But there are also unknown unknowns, the ones we don't know we don't know'" (quotation simplified)). Cuttler appears to argue that someone should have told him what he did not know he did not know—and they did not.

sentence Cuttler below the minimum term—25 years—set forth in the statute. We first address the district court's discretion to deviate from the applicable sentence. Then, we consider whether the Utah Board of Pardons and Parole (Board) retained discretion to parole Cuttler before the minimum prison term has been served.

A.    The District Court's Lack of Discretion to Sentence below the Mandatory Prison Term

¶17    Under Utah's indeterminate sentencing scheme, which has been in place in some form since 1913, a sentencing court "has no discretion in fixing the term of imprisonment. [It] simply imposes the statutorily prescribed range of years, and the Board of Pardons determines exactly how long the prisoner is to be confined." *Labrum v. Utah State Board of Pardons*, 870 P.2d 902, 907 (Utah 1993) (quotation simplified); *see also Padilla v. Utah Board of Pardons & Parole*, 947 P.2d 664, 669 (Utah 1997) (explaining that the district court has the power to sentence and "*must* set an indeterminate sentence as provided by statute"); *cf. State v. Thorkelson*, 2004 UT App 9, ¶ 15, 84 P.3d 854 (explaining that an illegal sentence generally occurs where the court lacks jurisdiction, or "where the sentence is beyond the authorized statutory range"). In accordance with our sentencing scheme, the Utah Supreme Court has consistently held that "the power to reduce or terminate sentences is exclusive with the Board." *State v. Schreuder*, 712 P.2d 264, 277 (Utah 1985) (citing cases), *superseded by statute on other grounds as stated in State v. Smith*, 2014 UT 33, ¶ 14 & n.14–15, 344 P.3d 573. In other words, the Board, not the district court, "determines the actual number of years a defendant is to serve," *Labrum*, 870 P.2d at 907 (quotation simplified), because the Board "functions as a sentencing entity and decides the term of incarceration," *id.* at 908. Indeed, the number of years a defendant will serve under an indeterminate sentence "is left to the unfettered discretion of the board of pardons, which performs a function analogous to that of the trial

judge in jurisdictions that have a determinate sentencing scheme." *Id.* (quotation simplified).

¶18 To fairly inform Cuttler of the consequences of his guilty plea to rape of a child, the district court was not required to first notify him of the court's inability to reduce the sentence below the mandatory indeterminate range. As the State points out, "the rape-of-a-child statute's use of the 'not less than' language is similar to the language used for other indeterminate sentences." Thus, the sentence to be imposed for a child rape conviction is treated the same as any other indeterminate term, and the only significant difference is the limit on the district court's authority to order probation or suspend the sentence rather than impose the prison sentence. *See supra* ¶ 10. As noted, the district court need not inform a defendant of every collateral consequence of a guilty plea. *See State v. Smit*, 2004 UT App 222, ¶ 29, 95 P.3d 1203. Indeed, this particular bit of information—the court's lack of discretion to reduce the sentence—is not a collateral or even likely consequence of his guilty plea, but rather of no consequence. Because the court properly informed Cuttler of the likely consequences of his guilty plea, the court, at least initially, correctly determined that his guilty plea was knowingly entered. The court made a mistake of law, however, in concluding that, to knowingly enter a guilty plea, Cuttler needed to understand that the district court lacked any room for leniency with regard to the minimum term of the indeterminate sentence.

B.    The Board's Discretion to Parole Cuttler before he Serves the Minimum Term in Prison

¶19 The Utah Board of Pardons generally retains discretion to determine the actual number of years of imprisonment a defendant serves, which may be less than the minimum term of the sentence. *See Padilla v. Utah Board of Pardons & Parole*, 947 P.2d 664, 669 (Utah 1997). Subject to certain exceptions, the Board may pardon or parole an offender convicted of rape of a

child "before the minimum term has been served." *See* Utah Code Ann. § 77-27-9(1)(b) (LexisNexis 2017). The Board is given this broad authority, "[w]ith the exception of certain minimum mandatory sentences where the Board is specifically prohibited from paroling an offender before service of the minimum term of years." *Labrum v. Utah State Board of Pardons*, 870 P.2d 902, 907 (Utah 1993). This is not such a sentence.

¶20    The Utah Code of Criminal Procedure provides that a defendant sentenced to prison

> prior to April 29, 1996, for a first degree felony involving . . . rape of a child, a violation of Section 76-5-402.1 . . . or a prior offense as described in Section 76-3-407, may not be eligible for release on parole by the Board of Pardons and Parole until the offender has fully completed serving the minimum mandatory sentence imposed by the court.

Utah Code Ann. § 77-27-9(2)(a). Cuttler argues that this exception would apply in his case. The Board could not release him in less than 25 years, Cuttler asserts, because (1) he was sentenced in New York before 1996, for (2) a prior sexual offense. We do not read this provision so expansively. By its plain language, the statute restricts the Board's authority to release a defendant before the minimum term is served on a sentence imposed prior to 1996. Even assuming that Cuttler's New York conviction and sentence applies under this statute, which we do not decide, Cuttler does not contend that he is still serving that sentence, that it is a minimum mandatory sentence, or that the Board has authority to parole him on the New York sentence. Absent application of this exception, the Board generally retains discretion to determine the actual time served for the applicable sentence in this case, even if that amount is less than the statutory minimum term. Because the Board is not specifically prohibited from considering an early release, the sentence

applicable to Cuttler pursuant to his guilty plea is not strictly a minimum mandatory sentence. *See Labrum*, 870 P.2d at 907; *see also State v. Gray*, 2016 UT App 87, ¶ 43, 372 P.3d 715.

¶21    In allowing Cuttler to withdraw his guilty plea, the district court erroneously concluded that the sentence applicable in this case was a minimum mandatory sentence. Relatedly, the court erred in determining that Cuttler's guilty plea could not have been knowingly made because Cuttler did not understand that this was a minimum mandatory sentence. It was not. The sentence applicable to Cuttler's guilty plea is subject to the Board's discretion to consider early release before Cuttler has served the minimum term. Accordingly, to knowingly plead guilty in this case, Cuttler was not required to first hear the clearly isolated phrase 'minimum mandatory' in relation to his sentence.

CONCLUSION

¶22    The district court found, and our review of the record confirms, that Cuttler was properly informed of the direct consequences of pleading guilty. The court, Plea Counsel, and the written plea agreement accurately communicated, multiple times, that pleading guilty would subject Cuttler to mandatory imprisonment for 25 years to life. Cuttler confirmed that he understood this sentence. With regard to explaining the applicable sentence, no more was required in this case. Consequently, Cuttler's guilty plea was knowingly and voluntarily entered.

¶23    That Cuttler did not understand the district court's lack of discretion to reduce the minimum term does not render his guilty plea unknowing. Further, Cuttler's guilty plea remains effective even though he was not told that the Board lacked discretion to parole him early. Indeed, this explanation would

have been simply incorrect. The Board retains the discretion to parole Cuttler before he has served the minimum term of his sentence, and therefore the sentence he understood would be imposed is not a minimum mandatory sentence. In granting Cuttler's motion to withdraw his guilty plea, the district court made mistakes of law and therefore exceeded its discretion. We reverse.

―――――――